Cite as 2020 Ark. App. 104

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-19-580

| | |
|---|---|
| BRIAN LANE POND | **Opinion Delivered:** February 12, 2020 |
| APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-17-709] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BRENT HALTOM, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Brian Pond was tried by a jury and found guilty of rape. He was sentenced to forty years in the Arkansas Department of Correction. He contends that the trial court erred in allowing testimony regarding grooming of TJ, the minor victim. We affirm.

TJ was eight years old during the period between February 2017 and September 2017, which was the relevant time frame of the alleged events leading to the charges against Pond. Pond was seventeen to eighteen years old during that period. He lived with his grandmother and TJ's grandfather. TJ lived nearby and visited often. According to TJ, he and Pond rode bikes, played games, and went fishing together. He also testified that they went together into a camper trailer behind his grandfather's house where Pond touched TJ's legs and stomach with his penis, penetrated TJ's mouth with his penis, and touched TJ's penis with his mouth.

Savannah Quinn, a forensic interviewer with the Texarkana Children's Advocacy Center, was qualified without objection as an expert in forensic interviewing, professional counseling, and behavior of child victims of sexual abuse. The State asked her to explain the process of grooming minor victims in sexual-abuse cases. Quinn explained that grooming is the process by which a person targets a child and gradually escalates that relationship to a sexual nature over time. Pond objected to the relevance of such testimony, contending there had not been any testimony in the case pertaining to grooming. The trial court overruled the objection, stating it was going to let her explore the topic because there were facts in evidence that Pond and TJ had played together before the alleged abuse.

Quinn then testified that she heard TJ testify about riding bikes, fishing, and playing with Pond and that those activities could be the initial stages of the grooming process. She further testified that grooming can affect whether a child discloses sexual abuse. She explained that grooming involves forming a trusting, loving relationship with the child and that the child becomes less resistant to the abuser as the relationship advances.

Arkansas Rule of Evidence 401 defines relevant evidence as that which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. We will not reverse a trial court's evidentiary ruling absent an abuse of discretion. *Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001). Abuse of discretion requires a showing that the trial court acted improvidently, thoughtlessly, or without due consideration. *Gulley v. State*, 2012 Ark. 368, 423 S.W.3d 569.

Here, Quinn explained that grooming is the process by which a person targets a child and over time escalates that relationship to a sexual nature. Pond then objected to the relevance of testimony involving grooming, contending there had not been any testimony in the case pertaining to grooming. He raised no other objection on this issue. To the extent he is now expanding his argument on appeal to incorporate challenges to Quinn's definition of "grooming" and characterization of it as "profiling" testimony, these arguments were not preserved. As explained by the trial court, there was evidence that Pond and TJ played together before the alleged abuse occurred, and he was going to allow Quinn to explore the issue. TJ testified that he and Pond rode bikes, went fishing, and played games together. He further testified that they eventually went to the camper trailer behind his grandfather's house where the alleged offenses occurred. We are not persuaded that the trial court acted improvidently, thoughtlessly, or without due consideration in overruling Pond's relevance objection; therefore, we find no abuse of discretion and affirm.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Joseph C. Self*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.